**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

**SONIA GEORGE, individually, and P.H., a minor, by and through Sonia George as next friend, individually and as an heir pursuing the surviving claims of Juan Sebastian Hernandez,**
*Plaintiffs,*

**Vs.** **Civil Action No. _______________**

**JOHN DOE CLUTE POLICE OFFICERS 1–3, in their individual capacities,**
*Defendants.*

## ORIGINAL COMPLAINT AND JURY DEMAND

### Jurisdiction and venue

1. This action arises from an encounter between Juan Sebastian Hernandez and Clute police officers at a motel in Clute, Brazoria County, Texas, culminating in Hernandez's death on July 3, 2025. P.H., through her next friend, asserts Hernandez's surviving constitutional claim in her asserted capacity as an heir. Sonia George and P.H. assert their own federal wrongful-death claims under 42 U.S.C. § 1983, using the Texas wrongful-death remedy incorporated through 42 U.S.C. § 1988(a).

2. This Court has federal-question and civil-rights jurisdiction over both counts under 28 U.S.C. §§ 1331 and 1343(a)(3). Both counts arise under 42 U.S.C. § 1983.

Count II invokes the Texas wrongful-death remedy through 42 U.S.C. § 1988(a), not as a separate state-law tort claim. Venue is proper under 28 U.S.C. § 1391(b)(2) because the encounter occurred in Brazoria County, Texas, within this district and division.

**Parties**

3. Sonia George is Hernandez's mother. She sues individually for her own alleged wrongful-death injury, not as an appointed personal representative of Hernandez's estate.

4. P.H. is Hernandez's minor daughter. Sonia George brings P.H.'s claims as next friend. P.H. asserts her own wrongful-death injury and, separately, asserts Hernandez's surviving injury claim as an heir for the benefit of his estate. Her initials are used in this public pleading.

5. Hernandez died without a will. He was divorced at the time of his death and left no surviving spouse. P.H. is his only child and sole heir. No probate or estate-administration proceeding has ever been opened for Hernandez, no administration is pending, and no personal representative has been appointed. Hernandez had no outstanding debts and owned no property apart from the surviving cause of action asserted here. No administration is necessary because there are no outstanding debts to administer and no competing heirs among whom to distribute any recovery. P.H., through Sonia George as next friend, therefore pursues Hernandez's surviving claim

in her capacity as his sole heir. The estate is not separately named as a plaintiff, and Sonia George does not claim to be an appointed personal representative.

6. Defendants are Clute police officers whose names Plaintiffs have been unable to obtain despite pre-suit efforts. The Doe designations do not assert that each listed officer personally restrained Hernandez or deployed a device. Plaintiffs intend to identify the officers and seek leave to amend as warranted by the evidence and applicable law.

**Factual allegations**

7. On or about July 3, 2025, Clute police officers went to a motel room occupied by Hernandez in Clute, Texas. Based on reports from unnamed witnesses, Plaintiffs allege on information and belief that officers forced open the room door, multiple officers were present, and Hernandez was unarmed. The witnesses are not presently available to Plaintiffs, who do not claim personal knowledge of their observations. Plaintiffs do not presently know the officers' reason for entry.

8. Hernandez died in connection with the encounter with Clute officers. Emergency medical services were called to the scene; Plaintiffs do not presently know when that call occurred. Plaintiffs do not allege an avoidable delay in medical care on the present record.

9. The Harris County Institute of Forensic Sciences public case entry, case ML25-2615, identifies Hernandez's date of death as July 3, 2025, and his manner of death as homicide. Its primary-cause-of-death entry refers to asphyxia with upper-airway

obstruction, physical struggle with restraint and deployment of an electromuscular-disruption device, acute cocaine and ethanol toxicity, and atherosclerotic cardiovascular disease. The entry states that the report is completed.

10. Based on the medical-examiner entry described in paragraph 9 and the reported encounter with Clute officers, Plaintiffs allege on information and belief that one or more responding officers applied restraint or deployed an electromuscular-disruption device against Hernandez during the encounter.

11. Sonia George pursued pre-suit information under Texas Rule of Civil Procedure 202. The trial court denied her petition, and the First Court of Appeals denied mandamus relief. The Texas Rangers investigated the incident and continue to invoke the ongoing-law-enforcement exception in response to Plaintiffs' public-information request. Plaintiffs have not obtained the requested investigative materials, and the responding officers' identities and the details of their individual actions remain unavailable to Plaintiffs.

**Count I — 42 U.S.C. § 1983: Fourth Amendment excessive force (survival claim) P.H., by Sonia George as next friend, in P.H.'s asserted capacity as an heir; against the officer or officers personally responsible**

12. Plaintiffs incorporate paragraphs 1–11 to the extent relevant. This count asserts Hernandez's own claim that officers used objectively unreasonable force against him during the encounter, preserved after his death under applicable survival law.

13. Plaintiffs allege on information and belief that one or more responding officers, acting under color of Texas law in exercising police authority, restrained Hernandez

or deployed an electromuscular-disruption device against him during the encounter. Hernandez was reportedly unarmed. Based on the witness reports and the medical-examiner entry described above, Plaintiffs allege on information and belief that the force used was excessive and objectively unreasonable in its manner or degree, violated Hernandez's Fourth Amendment rights, and caused injury contributing to his asphyxia and death.

14. The medical-examiner entry and its homicide classification do not, by themselves, establish criminal wrongdoing or a constitutional violation, identify the responsible officers, describe the circumstances in which force was used, or establish who caused the airway obstruction or how it occurred. Plaintiffs cannot presently identify each officer's actions or the precise sequence of force because the requested investigative materials remain unavailable. Liability is alleged only against officers personally responsible for the unconstitutional force and resulting injury, not against every officer merely because of presence at the scene. Neither the pre-suit rulings nor the withholding of records is alleged to establish unlawful force. Plaintiffs do not assert a separate failure-to-intervene or delayed-medical-care claim on the present record.

15. P.H., through her next friend and in her asserted heir capacity, seeks legally recoverable damages for injury to Hernandez under this surviving claim, without duplicating any beneficiary's individual wrongful-death damages.

**Count II — 42 U.S.C. § 1983: Wrongful death arising from Fourth Amendment excessive force Texas wrongful-death remedy incorporated through 42 U.S.C. § 1988(a); Sonia George individually and P.H. by Sonia George as next friend; against the officer or officers personally responsible, in their individual capacities**

16. Plaintiffs incorporate paragraphs 1–14 to the extent relevant, including Count I's factual and constitutional allegations and its limitations on personal responsibility. Sonia George, as Hernandez's mother, and P.H., as his daughter, are beneficiaries within the class identified by Texas Civil Practice and Remedies Code § 71.004.

17. Sonia George and P.H. allege on information and belief that the constitutional violation described in Count I proximately caused injury contributing to Hernandez's asphyxia and death and caused them their own wrongful-death injuries. They seek recovery under 42 U.S.C. § 1983 through the Texas wrongful-death remedy provided by Texas Civil Practice and Remedies Code §§ 71.002 and 71.004 and incorporated by 42 U.S.C. § 1988(a), to the extent consistent with federal law. Section 1988(a) supplies the incorporated remedy, not an independent cause of action.

18. Sonia George and P.H. each seek their own legally recoverable wrongful-death damages, not Hernandez's pre-death injury damages. This count does not assert a violation of Sonia George's or P.H.'s own Fourth Amendment rights, a standalone Texas tort claim, or a claim under the Texas Tort Claims Act. Plaintiffs seek no duplicative recovery between Counts I and II.

**Demand for relief**

19. Plaintiffs request judgment for compensatory damages proved and legally recoverable on each claim; punitive damages against an individual officer under the federal claims only if supported by proof and law and without duplicative recovery; reasonable attorney's fees under 42 U.S.C. § 1988(b) as authorized for a prevailing plaintiff; taxable costs; interest as allowed by law; and other appropriate relief.

**Jury demand**

20. Plaintiffs demand trial by jury on every issue so triable.

Respectfully submitted,

*/s/ Clay Dean Thomas*
Clay Dean Thomas
Texas Bar No. 24088520
**Clay Thomas PC**
24 Greenway Plaza
Suite 1800
Houston, Texas 77046
Telephone: (713) 904-3988
Email: legal@claythomaspc.com
Counsel for Plaintiffs